**Lily HARIYANTI, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–5289–ag.

United States Court of Appeals, Second Circuit.

June 21, 2007.

688

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Rebecca Ross Haywood, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Lily Hariyanti, a native and citizen of Indonesia, seeks review of an October 19, 2006 order of the BIA denying her motion to reopen her removal proceedings. *In re Lily Hariyanti,* No. A97 646 303 (B.I.A. Oct. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur, id.* at 233–34 (quotation marks omitted); *see also Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

As an initial matter, the BIA did not err in refusing to consider documents that were undated or that pre-dated the IJ's decision, as the record already contained documents describing conditions in Indonesia as they existed prior to the IJ's decision, enabling the BIA to determine whether conditions in Indonesia had, in fact, worsened. 8 C.F.R. § 1003.2(c)(1)("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . .").

Turning to the merits of Hariyanti's claim of changed conditions in Indonesia, although there were some changes between the documents post-dating the IJ's decision and the documents that had been submitted to the IJ, the 2004 State Department report states, in pertinent part, that '[t]here was no change in the status of respect for religious freedom during the period covered by the report.' Additionally, although the petitioner submitted other new articles detailing instances of religious and ethnic tension and terrorism in Indonesia, the IJ was on notice at the May 2004 hearing of a recurring cycle of violence in Indonesia based on other articles previously submitted. Thus, the BIA did not abuse its discretion in concluding that Hariyanti failed to submit material evidence suggesting that conditions in Indonesia had worsened from the time the IJ issued its decision to the time that Hariyanti filed her motion to reopen her removal proceedings.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.